IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SENTRY INSURANCE A MUTUAL
COMPANY,

|  |  |  |
|---|---|---|
|  | Plaintiff, | OPINION AND ORDER |
| v. |  | |
|  |  | 13-cv-386-wmc |

B & H HEALTH CARE SERVICES, INC.
d/b/a Nursing Personnel Homecare,

Defendant.

---

In this civil action, plaintiff Sentry Insurance A Mutual Company alleges that defendant B & H Health Care Services, Inc. d/b/a Nursing Personnel Homecare ("B & H") breached a Casualty Insurance Agreement between the parties by failing to make certain payments due under the agreement. Before the court are two motions by plaintiff: (1) a motion for default judgment and attorney's fees pursuant to Fed. R. Civ. P. 37 based on defendant's failure to timely serve Rule 26(a)(1) disclosures and comply with this court's prior order granting plaintiff's motion to compel discovery; and (2) a motion for leave to file an amended complaint increasing the principal amount due from roughly $180,000 to $262,000.

The court held a telephonic hearing with respect to both motions on January 29, 2014, at which counsel for plaintiff, counsel for defendant, and an officer of defendant appeared. Consistent with the court's ruling during the hearing, the court will (1) deny plaintiff's motion for default judgment, but will award plaintiff its costs and fees incurred in bring the motion as a sanction; (2) grant plaintiff's motion for leave to amend; and (3)

order expedited discovery on *new* issues raised in plaintiff's amended complaint to ensure that this case remains on schedule.  As mentioned during the hearing -- and repeated here -- defendant narrowly escaped entry of default as a sanction.  **Any future failure on defendant's part to comply strictly with deadlines will be deemed a default.  No extensions will be granted defendant for any reason.**

BACKGROUND

On May 6, 2013, plaintiff Sentry Insurance filed this action in Portage County Circuit Court, alleging a breach of contract claim based B & H's failure to pay amounts due under a Casualty Insurance Agreement, entered into in conjunction with Sentry's issuance of a workers compensation policy to B & H.  (Compl. #1-2.)  On May 31, 2013, defendant B & H removed this action to this court pursuant to 28 U.S.C. §§ 1446(a) and 1332(a).[1]

In the original complaint, Sentry alleged that B & H accumulated an unpaid balance of $246,596.48 under the Agreement, and that the Agreement provided for interest on any unpaid amount, increasing the amount due to $331,944.00.  (Orig. Compl. (dkt. #1-2) ¶¶ 9-10, 14.)  Plaintiff also alleges that under the Agreement, B & H agreed to indemnify Sentry for all costs and reasonable attorney fees incurred to collect all amounts due.  (*Id.* at ¶ 16.)  Finally, plaintiff attached the Casualty Insurance Agreement to the first amended complaint.  (Dkt. #8-1.)  This Agreement provides that Sentry will submit invoices for all amounts due and that B & H will pay these amounts

---

[1] Plaintiff is a citizen of Wisconsin; defendant is a citizen of New York; and the amount in controversy exceeds $75,000.  (Not. of Removal (dkt. #1) ¶¶ I-III, VI.)

within 30 days of invoice.  (*Id.* at ¶ 2.08.)  The Agreement also provides for interest for amounts not paid within 30 days at "the rate equal to the lower of (i) one percent (1%) per month or (ii) the maximum rate permitted by applicable law."  (*Id.*)

Defendant answered the original complaint, and asserted two counterclaims: (1) for breach of fiduciary duty in failing to pay claims timely under the policy; and (2) failure to account for B & H's transfer of funds to a collateral fund as an offset to the amount due.  (Dkt. #5.)  On July 11, 2013, plaintiff filed an amended complaint in which it decreased the amount sought based on B & H (1) providing Sentry a Letter of Credit in the amount of $140,000 and (2) depositing an $8,000 loss fund with Sentry. (Am. Compl. (dkt. #8) ¶¶ 17, 19.)  Accordingly, under the amended complaint, plaintiff sought $183,944.00, excluding interest.   (This seems to address defendant's second counterclaim.)

On August 1, 2013, defendant filed an answer to the amended complaint.  (Dkt. #9.)  The answer contains references to the first and second counterclaims in the original answer.  That same day, defendant filed a stipulation setting September 1, 2013, as the deadline for Rule 26(a)(1) disclosures (dkt. #10), which the court approved (dkt. #12). The court subsequently extended the deadline to October 1, 2013 pursuant to a stipulation of the parties.  (Dkt. ##15, 16.)

Defendant, however, failed to timely serve its Rule 26(a)(1) disclosures or to respond to pending discovery requests.  On October 22, 2013, plaintiff filed a motion to compel defendant's Rule 26(a)(1) initial disclosures and responses to plaintiff's discovery requests, which were served in late July.  On October 30, 2013, defendant was ordered to

comply with the court's earlier order requiring Rule 26(a)(1) disclosures and discovery responses by November 22, 2013.   In the text order granting plaintiff's motion to compel, Judge Crocker warned defendant of the "very real possibility that the court will grant judgment in favor of the plaintiff on the basis of defendant's willfulness, bad faith and fault in ignoring its basic discovery obligation and ignoring this court's order."  (Dkt. #20.)

On December 9, 2013, more than ninety days after the original deadline, more than sixty days after the extended deadline and seventeen days after the deadline set by the court, under threat of default, plaintiff filed a motion for default judgment and attorney's fees.  (Dkt. #22.)  In its motion, plaintiff acknowledges that defendant served interrogatory responses on November 3, 2013, well in advance of the court's November 22nd deadline, but contends that the responses do not comply with the court's order because "B & H failed to make any substantive response to several interrogatories" and its "objection is disingenuous."  (Pl.'s Br. (dkt. #23) 4.)  These interrogatories requested information relevant to defendant's counterclaims.   Defendant answers some of the interrogatories in a general fashion and then cross-references those answers in response to other interrogatories.  (1st Affidavit of John E. Murray, Ex. 10 (dkt. #25-10).)  Counsel for defendant argues in his supplemental opposition to default judgment that plaintiff's counsel never advised defendant that anything further was required with respect to the interrogatory responses.  (Def.'s Suppl. Opp'n (dkt. #46) ¶ 3; *see also* Affidavit of Joel Winnig (dkt. #47).)   Plaintiff does not describe the status of the Rule 26(a)(1) disclosures, but defendant contends that the Rule 26(a)(1) disclosures have been served.

4

(Def.'s Opp'n (dkt. #45) ¶ 6 (on p.2).)    During the hearing, however, plaintiff represented that these disclosures were served *after* plaintiff filed its motion for default judgment.

On December 13, 2013, defendant's local counsel Joel Winnig -- the only attorney having entered an appearance for defendant at that time -- filed a motion to withdraw as counsel (dkt. #26), which the court granted (dkt. #35).  A response to the motion for default judgment was originally due on December 16, 2013; that deadline was extended to December 30, 2013.  (Dkt. #33.) Mirroring his client's lack of diligence with respect to discovery, defendant's principal counsel waited until Monday, January 27, 2014, to move for admission pro hac vice, which was granted, and to file an opposition to plaintiff's motion for default judgment.  (Dkt. ##45-46.)    The court also granted a subsequent request for defendant's counsel to appear by phone.


OPINION

## I.  Default

Plaintiff cites to Rule 37 in support of its motion.  Specifically, plaintiff directs the court to Rule 37(c)(1), listing sanctions if a party does not make the disclosures required under Rule 26(a)(1), and Rule 37(b)(2)(A), listing sanctions available to penalize a party who fails to object a court's discovery order.  (Pl.'s Br. (dkt. #23) 5-6.)  Plaintiff contends that B & H's failure to comply with the court's order -- especially given Judge Crocker's express warning to B & H of "the very real possibility" of default judgment – warrants the entry of a default.

In response, defendant argues that this extreme sanction is not warranted, because – although certainly untimely -- defendant did respond to discovery requested within the final deadline imposed in the court's order granting plaintiff's motion to compel.  To the extent that the interrogatory responses were inadequate, defendant would blame plaintiff for allegedly failing to produce requested documents (albeit not requested in the normal course of litigation) and failing to bring any claimed deficiencies to defendant's attention.  The court is not persuaded by either excuse.  First, to the extent defendant needed documents from plaintiff to respond to interrogatories concerning its own counterclaims, defendant should have served a formal discovery request for these documents or at least acknowledged that it could not completely and accurately respond to the interrogatory requests absent these documents.  Second, in light of Judge Crocker's express order that defendant "provide all information responsive to plaintiff's pending discovery requests without exception and without objection, save for bona fide claims of privilege" (dkt. #20), defendant cannot credibly rely on plaintiff's failure to raise inadequacies with its interrogatory responses as an excuse.

Still, the court agrees with defendant that entry of default judgment under Rule 37 is an "extreme sanction" that should not be entered lightly.  *See Wellness Intern. Network, Ltd. v. Sharif*, 727 F.3d 751, 781 (7th Cir. 2013).  Defendant's conduct here, while disconcerting in several respects, does not yet warrant this extreme sanction.  As a sanction, the court will, however, award plaintiff its reasonable costs and fees in bringing the motion for default judgment.  Counsel for plaintiff has submitted a declaration and supporting materials that he billed his client for 27.2 hours at a rate of $310.00 per hour

for work completed in November and December 2010 on plaintiff's motion for default judgment, and that Sentry has paid the invoices for these fees. (Affidavit of John E. Murray (dkt. #52); *id.*, Ex. 1; Pl.'s Pet. For Atty's Fees (dkt. #51).) While this seems very high, Sentry's payment of these fees renders them presumptively reasonable. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (explaining that in requests for attorney's fees, "the best guarantee of reasonableness is willingness to pay"). Moreover, defendant is hardly in a position to dispute them given its misconduct to date. Accordingly, the court will award Sentry $8,432.00.

Finally, as a further sanction, defendant is now on notice -- as highlighted above -- that no further delays will be tolerated.

## II. Motion for Leave to Amend Complaint

Also before the court is plaintiff's recently-filed motion for leave to file a second amended complaint, increasing the amount sought under the workers' compensation policy Sentry issued to B & H from $183,944.00 in the first amended complaint to $262,286.00 based on additional claims. (Pl.'s Mot. to Amend (dkt. #39) 1-2.) In his opposition to plaintiff's motion for default judgment -- and during the hearing -- defendant stated that it did not oppose the motion for leave to amend the complaint provided it had an adequate opportunity to conduct discovery. Accordingly, the court will grant plaintiff leave to file a second amended complaint and will order certain discovery on an expedited basis.

The second amended complaint will be deemed filed on Wednesday, January 29, 2014. Defendant's answer is due on or before February 12, 2014. Defendant shall serve any discovery requests electronically by the end of day, January 31, 2014. Plaintiff shall serve its responses within 21 days of service. For defendant, this expedited discovery only applies to new issues raised in the amended complaint. Plaintiff is entitled to the same expedited discovery on issues raised in the second amended complaint, as well as any additional discovery required by virtue of defendant's inadequate interrogatory responses to plaintiff's first set of discovery requests.

## ORDER

IT IS ORDERED that:

1) The parties' stipulation to award $1500 in attorney's fees to plaintiff based on the court's order granting plaintiff's motion to compel (dkt. #21) is APPROVED;

2) plaintiff Sentry Insurance's motion for attorney's fees and default judgment (dkt. #22) is DENIED. The court, however, awards plaintiff $8,432.00 for reimbursement of its reasonable attorney's fees incurred in bringing the motion for default and admonishes defendant that any further delays will result in entry of default against it.

3) Plaintiff's motion for leave to file a second amended complaint (dkt. #39) is GRANTED. In granting this motion, the court also orders expedited discovery as detailed in the opinion above.

Entered this 31st day of January, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

8