IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SENTRY INSURANCE A MUTUAL
COMPANY,

                Plaintiff,                OPINION AND ORDER

v.

                                              13-cv-386-wmc

B & H HEALTH CARE SERVICES, INC.
d/b/a Nursing Personnel Homecare,

                Defendant.

---

      In an order denying plaintiff Sentry Insurance's motion for default judgment pursuant to Fed. R. Civ. P. 37, this court warned defendant that its conduct to date certainly warranted entry of default and, while the court would not enter a default at that time, "**[a]ny future failure on defendant's party to comply strictly with deadlines will be deemed a default.**" (1/13/14 Op. & Order (dkt. #54) 2 (emphasis in original).) In that same opinion, the court set February 12, 2014, as the deadline for defendant's answer to plaintiff's second amended complaint. (*Id.* at 8.)

      Before the court now is plaintiff's second motion for default judgment, seeking default due to defendant's failure to file its answer to the second amended complaint timely. (Pl.'s Mot. (dkt. #63).) On the heels of plaintiff's filing, defendant filed its answer, but offered no explanation -- or even acknowledgement -- of its untimeliness. (Dkt. #68.) Two days later, defendant's counsel filed a memorandum opposing entry of default on the grounds that its delay of six days was inadvertent and harmless. (Dkt. #71.)

Whether either are generally accurate or not, defendant's latest failure to timely file its answer, coupled with this court's stark direction in its prior order and defendant's prior lack of diligence if not misconduct, is inexcusable and the court finds defendant in default under Rule 55(a).[1] Accordingly, the court finds defendant liable under the claims asserted by plaintiff and will dismiss defendant's counterclaims, except to the extent they warrant an off-set to the damages award.

Plaintiff also seeks entry of a default judgment, including attorney's fees. "[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages. Any allegations in the complaint relating to liability are considered true, but allegations going to damages are not." *Domanus v. Lewicki*, No. 13-2435, 2014 WL 408723, at *10 (7th Cir. Feb. 4, 2014). The court, therefore, will hold a trial solely to determine damages pursuant to Fed. R. Civ. P. 55(b)(2), on August 4, 2014, the date already designated for trial. All other deadlines remain in place.

ORDER

IT IS ORDERED that:

1) The clerk of court shall enter default pursuant to Fed. R. Civ. P. 55(a); and

---

[1] The court could also enter default under this court's inherent authority for defendant's failure to comply with a court order.

2) **Any future failure on defendant's party to comply strictly with deadlines will result in default judgment in the amount to be established solely by affidavits of the parties.**

Entered this 25th day of February, 2014.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge