IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SENTRY INSURANCE A MUTUAL
COMPANY,

                Plaintiff,                OPINION AND ORDER

  v.

                                                13-cv-386-wmc

B & H HEALTH CARE SERVICES, INC.
d/b/a Nursing Personnel Homecare,

                Defendant.

---

      Before the court are two motions by defendant B & H Healthcare Services, Inc. *First*, defendant seeks reconsideration of this court's order finding defendant in default for failing to file a timely answer to the second amended complaint. (Dkt. #77.) Defendant begrudgingly acknowledges the court's order setting February 12, 2014, as a deadline for defendant's filing of its answer to the second amended complaint, but argues that the court should have allowed 14 days under Rule 15(a)(3) (plus 3 days for electronic service pursuant to Rule 6(d)) to answer. (*Id.* at 4-5.) While in a typical case, the court may be sympathetic to this argument, this is not a typical case given the history of defendant's and defendant's counsel's previous failings to meet their obligations in this case. (*See* 1/31/14 Op. & Order (dkt. #54); 2/25/14 Op. & Order (dkt. #72).) As contemplated by Rule 15(a)(3), the court ordered defendant to file an answer by February 12, 2014, to ensure defendant and its client would not delay this matter

further.[1] The plain language of the rule, coupled with this court's inherent authority to manage its docket, allows for the court to either provide more or less time than that allowed under the rule.

Defendant also argues that plaintiff waived its challenge to the timeliness of defendant's answer by filing an answer to B&H's counterclaim. Plaintiff promptly filed a motion for default based on defendant's failure to answer timely. The fact that plaintiff also filed an answer to B&H's counterclaim does not constitute waiver of its right to seek default based on defendant's failure to comply with this court's order setting February 12, 2014, as the answer deadline. Accordingly, the court will deny defendant's motion for reconsideration.

*Second*, in an unopposed motion, defendant seeks an extended briefing schedule on plaintiff's motion for summary judgment, including extending the date for expert disclosures and striking the August 4, 2014, trial on damages. (Dkt. #87.) The motion states that "the parties have agreed" to revisions in the schedule, but offers no good grounds for the court granting the motion, especially for adopting the extreme measure of striking a trial date. While the court will extend certain deadlines in this case, including expert disclosure deadlines and the briefing deadlines on plaintiff's motion for summary judgment, it will not strike the August 4, 2014, trial date.

---

[1] In that same opinion, the court also deemed the second amended complaint filed on Wednesday, January 29, 2014, making any argument challenging the service of the second amended complaint meritless. W.D. Wis. Electronic Filing Procedures ("Receipt of the NEF constitutes service of filed documents upon each party in that case who is registered as a Filing User."), *available at* http://www.wiwd.uscourts.gov/electronic-filing-procedures.

ORDER

IT IS ORDERED that:

1) defendant's motion for reconsideration (dkt. #78) is DENIED; and

2) defendant's unopposed motion for an extension of the briefing schedule is GRANTED IN PART AND DENIED IN PART, as follows:

   a) defendant shall serve its expert disclosure in full compliance with Fed. R. Civ. P. 26(a)(2) on or before April 2, 2014;

   b) plaintiff shall serve any supplemental expert report on or before April 23, 2014;

   c) defendant's opposition to plaintiff's motion for summary judgment is now due on or before April 23, 2014;

   d) plaintiff's reply in support of its motion for summary judgment is due May 2, 2014; and

   e) the August, 4, 2014, trial date remains firm.

Entered this 28th day of March, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge